ROLAND BOTZ EL AL., Plaintiffs and Appellants, *v.* HALCO SALES, INC., Defendant and Appellee; CURTIS DRUMHELLER, CALIFORNIA WINE DISTRIBUTORS CORP., Interveners.

No. R-70-349.     Decided November 9, 1972.

*Ramírez, Segal & Latimer* for appellants. *Ramón Luna Torres* for appellee. *Elmer Toro Lucchetti* for interveners.

MR. JUSTICE RIGAU delivered the opinion of the Court.

An action for damages is involved. Halco Sales, Inc., is a domestic corporation engaged in the sale and lease of scaffolds and construction equipment. It leased to California Wine Distributors Corp.—the lessee—a scaffold, which was erected for a painting job. While plaintiffs were working on the scaffold, it collapsed, the former falling on the pavement and suffering serious personal injuries.

Plaintiffs sued Halco Sales, Inc., for damages. The latter filed a third-party claim against California Wine Distributors Corp. *et al.* relying on provisions of the scaffold lease contract executed by Halco Sales, Inc., as lessor and California Wine Distributors Corp. as lessee.

In the original complaint filed against appellee Halco Sales, Inc., by plaintiffs-appellants the latter alleged that:

". . . they leased from defendant a 20′ high scaffold. The said scaffold was delivered by defendant to the plaintiffs in an incomplete and defective condition which caused that on Tuesday, January 21, 1969 . . . said scaffold collapsed and the aforesaid plaintiffs fell from a 20′ altitude . . . ."

In their amended complaint of November 2, 1970, plaintiffs corrected that error and they alleged that the scaffold

was leased by Halco (lessor) to California Wine Distributors Corp. (lessee).

After several procedural steps that include some measures for discovery of evidence by way of written interrogatories, Halco, original defendant, moved for summary judgment in its favor alleging that between plaintiffs and itself no real controversy exists. It was based on Exhibits A, B, C, and D.

Exhibit A is a sworn statement by Florentino Danilo Reyes, Comptroller of Halco Sales, Inc., which in its pertinent part states that the scaffold was leased by California Wine Distributors Corp.—the lessee—to Halco Sales—the owner— and not by plaintiffs (as it had been erroneously alleged by the latter) and that between Halco Sales, Inc., and plaintiffs there was no relation whatsoever. Exhibits B and D are two vouchers in the sense that California Wine Distributors Corp. received from Halco Sales, Inc., the equipment in question and that afterwards it returned it. The Exhibit C is a photostatic copy of a printed lease contract that was executed in this case and which everything indicates is the contract which Halco Sales, Inc., uses when it leases equipment to its clients the lessees. The pertinent part of said contract, affecting the matter under consideration, is its thirteenth clause.

In synthesis, said thirteenth clause provides that the lessee shall erect and maintain the scaffold in such manner as to offer security; that the lessor (Halco Sales, Inc.) will not be responsible for the erection, operation, and maintenance of the scaffold; that the lessee assumes all responsibility in case of claims arising as a result of the erection, possession, and use of the scaffold; and that it "agrees to hold Halco harmless from all such claims", if there were any. The lessee also acknowledges in the aforesaid clause of the contract that the scaffold that was delivered by the lessor was in good order, that it was properly erected, and that it was adequate for the purposes for which it was intended.

Plaintiffs' position is that their action is *ex delicto*, based on the alleged guilt or negligence of defendant Halco Sales, Inc., upon delivering a defective scaffold and not an *ex contractu* action based on the lease contract between Halco Sales, Inc., and California Wine Distributors Corp.

A hearing on the motion for summary judgment having been held, the trial court rendered Partial Judgment granting said motion and dismissed the complaint as far as Halco Sales, Inc., is concerned, with prejudice, because it understood that no real controversy exists between plaintiffs and Halco Sales, Inc.

Said Partial Judgment, in its pertinent part, reads as follows:

"The Court, in view of the amended complaint of November 2, 1970, where the negligence of California Wine Distributors Corp. is alleged and of the Exhibits A, B, C, and D attached to the motion for Summary Judgment, grants the same dismissing the complaint in favor of Halco Sales, Inc., with prejudice, inasmuch as no real controversy over any material fact exists between plaintiffs and Halco Sales, Inc."

■ We agreed to review. We believe that the summary judgment did not lie because it is grounded on an erroneous fact. Neither in the amended complaint of November 2, 1970, to which the trial judge referred, nor in the original complaint or in any other petition whatsoever on the part of the plaintiffs there appears that the latter have alleged the negligence of California Wine Distributors Corp. Their allegation has always been that the scaffold was delivered by defendant (Halco Sales, Inc.) in an incomplete and defective condition, which caused the collapse of said scaffold and that the aforesaid accident was due solely and exclusively to the negligence of the defendant. The trial court, therefore, erred.

Without prejudging the matter of civil liability, we understand from the foregoing that the Partial Judgment, rendered by the Superior Court, San Juan Part, on November 24, 1970,

should be reversed and the case remanded to the trial court for the same to proceed in a manner not inconsistent with what has been decided herein.

■ For greater clarity in this litigation, and in others in which the lease relationship may be involved, we want to add that it does not suffice to say that A leased or rented to B a certain thing. It is necessary to say who is the lessor and/or who is the lessee, because upon only saying the first (that A leased to B) without specifying the second, it can be understood that A is either the lessor or the lessee, or vice versa. The litigants' attorneys should not impose upon the Court the job of searching through the record to find the pertinent facts of the case, which should arise from the face of the same.

Mr. Acting Chief Justice Pérez Pimentel concurs in the result in a separate opinion.

—O—

MR. ACTING CHIEF JUSTICE PÉREZ PIMENTEL, concurring.

San Juan, Puerto Rico, November 9, 1972

I agree with the decision but not on the grounds set forth in the opinion of the majority.

I consider that if Halco Sales, Inc., presented evidence (Lease Contracts of the Scaffolds) with its motion for summary judgment as to the good condition of said equipment at the time of its delivery, it was incumbent upon the plaintiffs to controvert that fact in the manner indicated by our case law. In my opinion it was controverted by virtue of the interrogatory answered by plaintiffs Roland Botz and James Robert Bucher, specifically the answer to question (9). Had these answers not existed the summary judgment would have lied.